

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00274-CR
No. 07-15-00275-CR
No. 07-15-00276-CR

JAQUEL O'NEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court Nos. FAM-13-21464, FAM-13-21693, FAM-13-21694,
Honorable Trent D. Farrell, Presiding

August 16, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The three appeals encompassed in this opinion arise from the same trial from which the appeal in Cause Number 07-15-00273-CR arose. We disposed of the sole issue asserted in that cause via our opinion issued on May 31, 2016. *See O'Neal v. State*, No. 07-15-00273-CR, 2016 Tex. App. LEXIS 5763 (Tex. App.—Amarillo May 31, 2016, no pet.) (mem. op., not designated for publication). The latter controls our disposition of the first issue raised in each appeal now before us. The second issue

raised in each of the remaining companion cases involves the sufficiency of the evidence; through it, appellant contends that the evidence was insufficient to support his three convictions for bodily injury to a child. We affirm.[1]

*Common Issue Between Appeal in 07-15-00273-CR and the Current Appeals*

Appellant initially contends that the "trial was void, because the prosecutors–the Coryell County District Attorney's Office–were disqualified from the prosecution of the case." As previously indicated, we addressed that issue in Cause No. 07-15-00273-CR. For the reasons stated in our opinion rendered in that cause, we overrule the issue at bar.

*Sufficiency of the Evidence*

When addressing the sufficiency of the evidence, we abide by the standard of review most recently stated in *Ramsey v. State*, 473 S.W.3d 805 (Tex. Crim. App. 2015). There, our Court of Criminal Appeals said:

> When examining the legal sufficiency of the evidence, we consider the combined and cumulative force of all admitted evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found each element of the offense beyond a reasonable doubt. [Citations omitted]. Beyond a reasonable doubt, however, does not require the State to disprove every conceivable alternative to a defendant's guilt. [Citations omitted]. Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. [Citations omitted]. The trier of fact is the exclusive judge of the credibility and weight of the evidence and is permitted to draw any reasonable inference from the evidence so long as it is supported by the record. Inferences based on mere speculation, however, are insufficient to support a criminal conviction. [Citation omitted].

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent where available. TEX. R. APP. P. 41.3.

*Id.* at 808-809.   We now apply that standard to the evidence purportedly underlying each of appellant's convictions for bodily injury.

*No. 07-15-00274-CR / FISC-13-21464*

In a prosecution numbered FISC-13-21464, the State indicted appellant for "intentionally or knowingly caus[ing] bodily injury to 'Gladus . . .' - Pseudonym, a child 14 years of age or younger, by striking her with his hands and burning her abdomen with a cigarette" on or before August 2, 2012.   The trial court included this offense and the lesser offense of causing bodily injury to a child by criminal negligence in its charge to the jury.   The jury found appellant guilty of the latter.

On appeal, he contends that the evidence is insufficient to support the conviction. Yet, the argument contained in his brief does not address his conviction for this particular offense.   Rather, his topics of discussion encompassed 1) "serious bodily injury," 2) the victim's fractured ribs and when those fractures occurred, 3) the victim's broken legs and whether he broke them, and 4) whether broken ribs, fractured legs or cigarette burns constitute "serious bodily injury."   We find no discussion about whether the evidence presented was enough to prove, beyond reasonable doubt, that with criminal negligence he caused bodily injury to Gladus by striking her with his hand or burning her abdomen with a cigarette.   Due to this omission, the issue was inadequately briefed and, therefore, waived.   *Zayed v. Best Pub. L.L.P.*, No. 07-09-0333-CV, 2010 Tex. App. LEXIS 7872, at *4-7 (Tex. App.—Amarillo September 28, 2010, no pet.) (mem op., not designated for publication).

Yet, even if the issue had not been waived, we would have to conclude that the record contains the requisite quantum of evidence to support the verdict.   Included in

3

that sum is appellant's own admission that he may have dropped ash from a lit cigarette on the infant when the child was beneath him in a car seat.

As stated in the Penal Code, a person commits an offense if he, with criminal negligence, causes bodily injury to a child. TEX. PEN. CODE ANN. § 22.04(a)(3) (West Supp. 2016); *see Id.* § 6.03(d) (West 2011) (stating that a person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint). Bodily injury means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8) (West Supp. 2016). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 687-88 (Tex. Crim. App. 2012). Moreover, a jury is free to use common intelligence to deduce whether a victim suffered such pain from the act involved. *Id.* (stating that a "fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it.") It is more than reasonable for a jury to infer, beyond reasonable doubt, that smoking a lit cigarette over an infant constitutes a gross deviation from the standard of care exercised by a person of ordinary prudence. That act culminating in a burn also permits a rational juror to infer beyond reasonable doubt that the infant experienced physical pain when it occurred. Thus, the cumulative force of all the evidence supported the juror's conclusion that appellant committed the offense of bodily

4

injury, with criminal negligence. His conviction in cause number FISC-13-21464 is supported by sufficient evidence.

*No. 07-15-00275-CR / FAM-13-21693 & No. 07-15-00276-CR / FAM-13-21694*

Via indictments in FAM-13-21693 and FAM-13-21694, appellant was charged with causing "Gladus" serious bodily injury "by striking her with his hands and burning her abdomen with a cigarette, or by manner and means unknown to the Grand Jury." When incorporated into the jury charge, each accusation was accompanied by lesser included offenses, including one pertaining to criminal negligence. Each of the latter was worded, for the most part, as follows:

> if you believe from the evidence beyond a reasonable doubt, that the defendant, Jacquel O'Neal . . . did then and there with criminal negligence cause serious       bodily injury *or* bodily injury to "Gladus . . ." . . . a child 14 years of age or younger, by striking her with his hands or burning her abdomen with a cigarette, or by manner and means unknown to the grand jury, you will find the defendant guilty of injury to a child committed with criminal negligence and so say by your verdict.

(Emphasis added).[2]

Upon receiving its instructions, the jury retired to deliberate. Eventually, it returned the following verdict in each of the numbered causes: "[w]e, the Jury, find the defendant, Jacquel O'Neal, guilty of the lesser included offense of criminal negligence causing serious bodily injury *or* bodily injury to a child."[3] (Emphasis added). That verdict led the trial court to pronounce, once the trial ended, that: "[i]n cause number

---

[2] Neither the State nor appellant objected to the italicized portion of the instruction. Nor did appellant assert, on appeal, that it was erroneous. So, we do not address its propriety.

[3] Neither the State nor appellant objected to the italicized portion of the verdict. Nor did appellant assert, on appeal, that it was erroneous or allowed for a non-unanimous verdict. So, we do not address its propriety. We do note, though, that the jurors were instructed that their vote had to be unanimous.

21464, 21693, 21694 based on the verdict of the jury, [the] Court finds you guilty of the offense [of] criminal negligence bodily injury *or* serious bodily … injury as indicated in each of the indictments, sentence you to two years Texas Department of Criminal Justice-State Jail Division in each cause and assess a $2,000 fine."[4] (Emphasis added).

As with cause number 13-21464, appellant again restricted his argument to whether the evidence illustrated the presence of serious bodily injury. The injuries being addressed were the broken ribs, broken legs, and a cigarette burn found on the child. Yet, as described above, the instructions permitted conviction on proof of either serious bodily injury *or* bodily injury. The penal statute in question also authorized conviction for bodily injury to a child upon proof of either serious bodily injury *or* bodily injury. TEX. PENAL CODE ANN. § 22.04(a)(1) & (3) (West Supp. 2016). So, given the two types of injury upon which his conviction could be founded and his failure to attack the sufficiency of the evidence illustrating his conduct caused mere bodily injury, appellant failed to sufficiently brief the issues before us. In other words, arguing that no evidence existed to illustrate his conduct caused serious bodily injury is not arguing that no evidence existed to illustrate his conduct caused mere bodily injury. He had to disprove both serious bodily injury and bodily injury to secure a reversal of his conviction.

More importantly, the record contains evidence illustrating that appellant, on two different occasions pushed on the infant's stomach. He apparently did this in the belief that it would cause the child to defecate, which would reduce her supposed recurring

---

[4] Irrespective of whether the conduct causes bodily injury or serious bodily injury, the offense is a state jail felony if committed with criminal negligence. TEX. PEN. CODE ANN. § 22.04(g) (West Supp. 2016). Furthermore, the trial court suspended appellant's sentences for these three offenses and placed him on probation for two years.

constipation. Such conduct resulted in the baby crying and spitting-up. On another occasion, appellant was seen striking the infant on the leg. The blow left a red-mark. Assuming *arguendo* that these actions alone would not permit a reasonable fact finder to infer that the conduct caused serious bodily injury, *see* TEX. PENAL CODE ANN. § 1.07(46) (West Supp. 2016) (defining serious bodily injury as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ"), they would permit a fact finder to reasonably infer that they caused bodily injury.

As previously stated, bodily injury encompasses physical pain, among other things, *id.* § 1.07(a)(8), and, according to the court in *Garcia*, any physical pain, however minor, will suffice. *Garcia v. State*, 367 S.W.3d at 687-88. Since a jury also is free to use common intelligence to deduce whether a victim suffered such pain from the act involved, it could conclude that appellant's multiple acts (occurring at different times) of 1) striking the infant at bar with sufficient force to leave a red mark and 2) pushing down on the infant's stomach on multiple occasions which resulted in the baby crying and spitting-up caused physical pain. It may be that the pain was minor, but that does not matter. *See White v. State*, No. 05-13-00637-CR, 2014 Tex. App. LEXIS 3140, at *7-8 (Tex. App.—Dallas March 20, 2014, no pet.) (mem. op., not designated for publication) (holding that evidence of the victim being slapped was evidence of bodily injury sufficient to support White's conviction for assault). Being inflicted upon an infant, the conduct is enough to also satisfy the aforementioned definition of criminal negligence, or at least a rational jury could conclude so beyond reasonable doubt.

7

In sum, we overrule appellant's issues and affirm the judgments.

Brian Quinn
Chief Justice

Do not publish.